## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **K.C., A MINOR, BY AND THROUGH HIS PARENT AND NEXT FRIEND, KRISTY CHANDLER,** *Plaintiffs* v. **KLEIN ISD EDUCATION FOUNDATION, D/B/A KLEIN INDEPENDENT SCHOOL DISTRICT** *Defendant.* | Case No. _____ **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**NOW COME** the Plaintiffs, K.C., a minor, through his parent and next friend Kristy Chandler, by and through their attorneys, Ketterer, Browne & Associates, LLC, and bring forth this Complaint against the Defendant, Klein ISD Education Foundation, doing business as Klein Independent School District, and in support sets forth the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff K.C. is a minor resident of 17826 Black Alder Lane, Spring, Harris County, Texas, 77379 (hereinafter referred to as "K.C.").

2. Plaintiff Kristy Chandler is an adult resident of 17826 Black Alder Lane, Spring, Harris County, Texas, 77379 (hereinafter referred to as "Ms. Chandler") and is the mother of K.C., a minor.

3. K.C. and Ms. Chandler will be referred to collectively as "Plaintiffs".

4. At all times relevant to this action, Defendant Klein ISD Education Foundation d/b/a Klein Independent School District (hereinafter referred to as "Klein ISD") is a corporation organized and existing under the laws of the State of Texas and may be

served through its Superintendent, Dr. Jenny McGown 7200 Spring Cypress Road, Klein, Texas 77379, or wherever she may be found.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because Plaintiffs' statutory claim asserts a federal question over which this Court has jurisdiction and Plaintiffs asserts state-law claims over which this Court has supplemental jurisdiction.

6. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(1)(a) because Defendant is domiciled in and conducts business within this judicial district.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because all the acts and omissions alleged herein occurred in this judicial district.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### K.C. Enrolls at Klein ISD Member School

1. As part of its recruitment efforts, Klein ISD boasts that it offers individualized instruction and additional resources for all students, rich special education services, a safe educational environment, numerous co-curricular and extracurricular programs, and an emphasis on family engagement.

2. Klein ISD's has numerous policies posted on their website that specify procedures for reporting and investigating sexual harassment, assault and bullying, including specifications for Title IX reporting and investigatory procedures.

3. Based on these representations of Klein ISD and its member schools, Ms. Chandler and her ex-husband decided to enroll K.C. in a Klein ISD school.

4. K.C. enrolled in Klein ISD schools as a 1st grade student, when he was just 6 years old.

5. During K.C.'s fifth grade year, he experienced severe bullying and harassment, including spitting, which K.C. and Ms. Chandler reported to school authorities.

6. K.C. entered into his 6th grade year at Doerre Intermediate School, a Klein ISD member school, in August 2021 when he was age 11.

### K.C. is Assaulted at a Klein ISD Member School

7. K.C. immediately began experiencing verbal and physical harassment and bullying perpetrated by other members of his sixth grade class, including "L.P.".

8. Upon information and belief, L.P. had a prior history of bullying that was not addressed by school authorities.

9. On or around August 26, 2021, K.C. was sexually assaulted in the back of his classroom by L.P. while K.C. packed up his backpack at the end of class.

10. L.P. assaulted K.C. by shoving his fingers up K.C.'s anus, resulting in K.C. bleeding from his anus and rectum and falling to the ground.

11. Courtney Smith, a Klein ISD substitute teacher in charge of K.C.'s classroom on that date, took K.C. to see Susan Rogers, the school nurse.

12. No one at Doerre Intermediate School or Klein ISD contacted law enforcement agency to report the sexual assault.

13. No one at Doerre Intermediate School or Klein ISD informed K.C. or Ms. Chandler of the Title IX protocols in place for investigating sexual harassment and assault in Klein ISD schools, nor did they put the Chandlers in touch with Klein ISD's designated Title IX coordinator.

14. Upon learning of the assault from K.C., Ms. Chandler took her son to the emergency room at St. Lukes Vintage Hospital was seen by Dr. Jose Rosillo and followed up with

K.C.'s primary care physician Dr. Jennifer Variste at Family First Pediatrics; both of these treaters confirmed that K.C. had in fact experienced a sexual assault.

15. Ms. Chandler demanded a conversation with Doerre Intermediate School's assistant principal, Jacob Rice.

16. Rice downplayed the assault to Ms. Chandler, insisting that the assault was merely "horseplay" and "roughhousing" between two kids.

17. This sentiment was shared amongst other Doerre Administrators, including co-Assistant Principal Kristan Briggs.

18. Indeed, in her written statement concerning K.C.'s assault, Briggs wrote that there was "Nothing to the level of anything major going on" involving K.C.

19. In a subsequent conversation with K.C.'s father, Rice referred to a school "bullying checklist" that had never before been provided to parents such as the Chandlers and was wholly inconsistent with Klein ISD's established sexual harassment policy.

20. Rice arbitrarily decreed that since the assault K.C. suffered did not meet all of the criteria on the "bullying checklist" it was not actionable per school policy.

**K.C. is Treated as a Problem, not a Survivor**

21. Neither Klein ISD or Doerre Intermediate School have taken any meaningful steps to offer resources or support to K.C. and his family per Title IX guidance and the express language of Klein ISD's own policies.

22. Ms. Chandler requested that the Doerre administration move K.C.'s assailant from the classes the two students share; administration refused, and to this day K.C. must interact with his assailant at multiple points throughout the school day.

23. Since the assault, K.C. continues to experience bullying and harassment, including being spit on, verbally teased and ridiculed, and threatened by other students.

24. On or around September 23, 2021, K.C. and Ms. Chandler reported another incident of bullying and harassment in which L.P. friends called K.C. a snitch and a liar and physically intimidated him.

25. On or around September 27, 2021, Ms. Chandler requested the surveillance video of the gymnasium in which this incident took place, but Doerre and Klein ISD refused to allow her access to the video.

26. Doerre administrators refused to characterize the incident as one constituting bullying, and as such, no meaningful steps were taken to protect K.C. from further harassment and bullying at the hands of his peers.

27. Other students, emboldened by the lack of meaningful discipline imposed on L.P. in response to K.C.'s allegations, have begun bullying K.C.

28. For example, a friend of L.P. called "B.M." has engaged in near-constant campaign of verbal bullying against K.C. without any interference or protection by Doerre or Klein ISD.

29. On multiple occasions in December 2021 and January 2022, K.C. experienced verbal harassment and threats including his peers wishing him dead, calling him ugly, dumb, gay, and a furry bitch.

30. On one occasion in January 2022, a student named "D" made sexually inappropriate and harassing remarks to K.C., including taunting him and physically grabbing him.

31. In February and March 2022, K.C. endured numerous instances of bullying and harassment perpetrated by B.M. and L.P., as well as other boys whose identities are not

fully known to Plaintiffs, including being shoved into a locker, verbally bullied and harassed, touched in his genitals during class, and experiencing threats on the bus.

32. These instances of bullying and harassment were reported to Jacob Rice and Kristan Briggs, but no measures were taken to curb the bullying or to protect K.C.

33. In fact, Mrs. Briggs went so far as to victim-blame K.C. and deny that the physical assaults he endured rose the level of bullying.

34. Overwhelmed by trauma and Klein ISD's failure to prevent the assault and protect him from violence, K.C. began to exhibit increased symptoms of anxiety and depression.

35. K.C. has exhibited symptoms of suicidal ideation in the months since his August sexual assault.

36. K.C.'s academic performance is slipping and his schoolwork is not at the level of proficiency he previously displayed in his classes.

37. K.C. often tells his mother that he does not want to attend school out of fear of being jumped or assaulted by B.M and J.P. and their friends.

38. Due to the severity of his emotional distress stemming from his violent assault at Klein ISD, K.C. has been forced to undergo mental health treatment.

## CAUSES OF ACTION

### COUNT I – *Violation of 20 U.S.C. § 1681, et. seq.*
### *Title IX of the Education Amendments Act*

39. Plaintiffs incorporate and reallege all paragraphs of this Complaint into this Count.

40. During the relevant timeframe, Klein ISD was a recipient of federal education funding within the meaning of Title IX, 20 U.S.C. § 1681(a).

41. Klein ISD exercised substantial control over the student who assaulted K.C.

42. All the events giving rise to this claim occurred on Klein ISD grounds.

43. In October 2021, K.C. faced severe discrimination based on sex when he was violently assaulted, both verbally and physically, on school grounds by Klein ISD students. The assault and harassment K.C. endured were sufficiently severe, pervasive, and objectively offensive to constitute a hostile educational environment for him at Klein ISD.

44. Defendant Klein ISD was on actual notice of the harassment and assaults committed on K.C. and the hostile environment that existed at the school during K.C.'s time there.

45. Despite being on actual notice of the assaults on and harassment of K.C., Klein ISD failed to take meaningful action to investigate the behavior and/or to protect K.C. from retaliation on the part of faculty, staff, and fellow students regarding K.C.'s attempts to seek out a safe educational environment.

46. Klein ISD acted with deliberate indifference to the complaints and other notice regarding the ongoing hostile education environment, ongoing threats, bullying, and retaliation faced by K.C. after reporting that he was bullied, harassed and assaulted.

47. The hostile educational environment at Klein ISD effectively barred K.C.'s access to educational opportunities and benefits because he was forced to leave in-person enrollment at Klein ISD due to the continuing hostile environment at the school.

48. In addition to the foregoing violations of Title IX, Klein ISD violated its Title IX obligations by:

    a. Failing to instruct their Title IX coordinator or any other person to receive Plaintiffs' complaints about gender-based discrimination, harassments, and/or assaults;

    b. Failing to implement or adhere to a policy for a student's reporting of harassment and/or sexual assault;

    c. Failing to implement or adhere to a program for prevention of harassment and assault;

    d. Failing to implement or adhere to a program or policy for investigating harassment or assault;

    e. Failing to implement or adhere to a program or policy for offering accommodations to victims of assault;

    f. Failing to implement or adhere to a program or policy for preventing retaliation against those who report harassment and/or assault; and

    g. Failing to supervise, monitor, and/or train staff to handle reports of harassment and assault appropriately and adequately.

49. As a direct and proximate cause of Klein ISD's violation of Title IX, K.C. has been deprived of educational opportunities and benefits that delayed his academic attainment. This deprivation was the result of Klein ISD's deliberate indifference to the hostile educational environment at Klein ISD.

50. As a direct and proximate cause of Klein ISD's violation of Title IX, K.C. has experienced and will likely continue to experience severe emotional distress accompanied by objective physical manifestations and/or symptoms (such as nausea, vomiting, elevated heart rate, sweating, nightmares, night terrors, and inability to sleep), loss of functioning, loss of earning potential, medical bills, and other pecuniary harms to be established at trial.

**WHEREFORE** Plaintiffs demand compensatory damages to be proven at trial in excess of the jurisdictional amount of $75,000; all costs and expenses of this lawsuit, including attorneys' fees; enhanced compensatory damages as permitted by law; punitive damages in an amount to be determined at trial; and all other and further relief that justice may require.

### COUNT II – *Negligent Hiring, Supervision and Retention*

51. Plaintiffs incorporate and reallege all paragraphs of this Complaint into this Count.
52. Klein ISD had a fiduciary relationship with K.C. as both a student and minor under the age of 18.
53. As a federally and state funded educational institution, Klein ISD owed K.C. a special duty of trust and confidence to ensure his safety and well-being.
54. Klein ISD, through their owners, managers agents, and/or staff, breached their duty owed to K.C. by, among other things:
    a. Failing to properly protect K.C., a minor, from bullying, harassment and assault;
    b. Improperly protecting K.C., a minor, from bullying, harassment and assault;
    c. Failing to investigate, correct, and/or otherwise address the openly pervasive environment of bullying and harassment that existed between its male students;
    d. Ignoring and/or otherwise failing to properly address complaints about numerous instances of bullying, harassment and assaults occurring on the Klein ISD campus;
    e. Failing to promptly report K.C.'s assault to the authorities;
    f. Failing to take any action to prevent retaliation against K.C. after his experiences with bullying, harassment and assault were reported to Klein ISD;
    g. Failing to heed numerous warnings regarding student violence and bullying and lax security; and

    h. Failing to supervise, monitor, and/or train staff to handle reports of bullying, harassment and assault appropriately and adequately.

55. Klein ISD knew or should have known that it created an environment in which male students frequently engaged in bullying and harassment towards other students that often culminated in physical violence.

56. Klein ISD knew or should have known that it had created an opportunity for K.C. to be violently assaulted and harassed and that the lack of protocols for which incidents of harassment and assault were reported and corrected were woefully insufficient.

57. Klein ISD failed to provide adequate training, monitoring, and supervision of its employees concerning reports of bullying, harassment and assault.

58. Klein ISD carelessly and recklessly failed to supervise its male students, even after specific complaints of bullying, harassment and assault had been lodged against them by various students, including K.C.

59. Klein ISD's conduct was wanton, malicious, or oppressive in that Klein ISD disregarded or exhibited reckless indifference to the foreseeable risks of harm and acted with ill will, hatred, hostility, a bad motive, or the intent to abuse its power.

60. As a direct and proximate cause of Klein ISD's violation of its fiduciary duty to him, K.C. has experienced and will likely continue to experience severe emotional distress accompanied by physical manifestations (such as nausea, vomiting, elevated heart rate, sweating, nightmares, night terrors, and inability to sleep) and other harms to be established at trial.

61. As a direct and proximate result of Klein ISD's negligence, K.C. sustained serious injuries, had to undergo treatment and medical care, to incur medical expenses, incur

lost wages, to lose time from his daily pursuits, to lose the ability to function normally, and he suffered impairment of his future earnings.

**WHEREFORE** Plaintiffs demand compensatory damages to be proven at trial in excess of the jurisdictional amount of $75,000; all costs and expenses of this lawsuit, including attorneys' fees; enhanced compensatory damages as permitted by law; punitive damages in an amount to be determined at trial; and all other and further relief that justice may require.

## **COUNT III –** *Negligence*

62. Plaintiffs incorporate and reallege all paragraphs of this Complaint into this Count.
63. Upon K.C.'s enrollment as a student at Klein ISD, the school assumed custody of him and other students while on the Klein ISD premises.
64. In so doing, Klein ISD entered into a relationship with K.C. that imposed on it a duty of reasonable care, including, among other things, a duty of supervision to protect K.C. rom reasonably foreseeable harm.
65. Klein ISD, through their owners, managers agents, and/or staff, breached their duty owed to K.C. by, among other things:
    a. Failing to properly protect K.C., a minor, from bullying, harassment and assault;
    b. Improperly protecting K.C., a minor, from bullying, harassment and assault;
    c. Failing to investigate, correct, and/or otherwise address the openly pervasive environment of bullying and harassment that existed between its male students;
    d. Ignoring and/or otherwise failing to properly address complaints about numerous instances of bullying, harassment and assaults occurring on the Klein ISD campus;
    e. Failing to promptly report K.C.'s assault to the authorities;

    f. Failing to take any action to prevent retaliation against K.C. after his experiences with bullying, harassment and assault were reported to Klein ISD;

    g. Failing to heed numerous warnings regarding student violence and bullying and lax security; and

    h. Failing to supervise, monitor, and/or train staff to handle reports of bullying, harassment and assault appropriately and adequately.

66. Klein ISD knew or should have known that it created an environment in which male students frequently engaged in bullying and harassment towards other students that often culminated in physical violence.

67. Klein ISD knew or should have known that it had created an opportunity for K.C. to be violently assaulted and harassed and that the lack of protocols for which incidents of harassment and assault were reported and corrected were woefully insufficient.

68. Klein ISD failed to provide adequate training, monitoring, and supervision of its employees concerning reports of bullying, harassment and assault.

69. Klein ISD carelessly and recklessly failed to supervise its male students, even after specific complaints of bullying, harassment and assault had been lodged against them by various students, including K.C.

70. Klein ISD's conduct was wanton, malicious, or oppressive in that Klein ISD disregarded or exhibited reckless indifference to the foreseeable risks of harm and acted with ill will, hatred, hostility, a bad motive, or the intent to abuse its power.

71. As a direct and proximate cause of Klein ISD's violation of its fiduciary duty to him, K.C. has experienced and will likely continue to experience severe emotional distress accompanied by physical manifestations (such as nausea, vomiting, elevated heart rate,

sweating, nightmares, night terrors, and inability to sleep) and other harms to be established at trial.

72. As a direct and proximate result of Klein ISD's negligence, K.C. sustained serious injuries, had to undergo treatment and medical care, to incur medical expenses, incur lost wages, to lose time from his daily pursuits, to lose the ability to function normally, and he suffered impairment of his future earnings.

**WHEREFORE** Plaintiffs demand compensatory damages to be proven at trial in excess of the jurisdictional amount of $75,000; all costs and expenses of this lawsuit, including attorneys' fees; enhanced compensatory damages as permitted by law; punitive damages in an amount to be determined at trial; and all other and further relief that justice may require.

## COUNT IV – *Premises Liability*

73. Plaintiffs incorporate and reallege all paragraphs of this Complaint into this Count.
74. While on Klein ISD's premises, K.C. was a business invitee of Klein ISD.
75. Klein ISD owed K.C. a duty to use reasonable care under all circumstances in the maintenance and operation of the premises, and to take reasonable precautions to protect him against foreseeable dangers arising out of the arrangements or use of the premises.
76. Klein ISD, through their owners, managers agents, and/or staff, breached their duty owed to K.C. by, among other things:
    a. Failing to properly protect K.C., a minor, from bullying, harassment and assault;
    b. Improperly protecting K.C., a minor, from bullying, harassment and assault;
    c. Failing to investigate, correct, and/or otherwise address the openly pervasive environment of bullying and harassment that existed between its male students;

    d. Ignoring and/or otherwise failing to properly address complaints about numerous instances of bullying, harassment and assaults occurring on the Klein ISD campus;

    e. Failing to promptly report K.C.'s assault to the authorities;

    f. Failing to take any action to prevent retaliation against K.C. after his experiences with bullying, harassment and assault were reported to Klein ISD;

    g. Failing to heed numerous warnings regarding student violence and bullying and lax security; and

    h. Failing to supervise, monitor, and/or train staff to handle reports of bullying, harassment and assault appropriately and adequately.

77. Klein ISD knew or should have known that it created an environment in which male students frequently engaged in bullying and harassment towards other students that often culminated in physical violence.

78. Klein ISD knew or should have known that it had created an opportunity for K.C. to be violently assaulted and harassed and that the lack of protocols for which incidents of harassment and assault were reported and corrected were woefully insufficient.

79. Klein ISD failed to provide adequate training, monitoring, and supervision of its employees concerning reports of bullying, harassment and assault.

80. Klein ISD carelessly and recklessly failed to supervise its male students, even after specific complaints of bullying, harassment and assault had been lodged against them by various students, including K.C.

81. Klein ISD's conduct was wanton, malicious, or oppressive in that Klein ISD disregarded or exhibited reckless indifference to the foreseeable risks of harm and acted with ill will, hatred, hostility, a bad motive, or the intent to abuse its power.

82. As a direct and proximate cause of Klein ISD's violation of its fiduciary duty to him, K.C. has experienced and will likely continue to experience severe emotional distress accompanied by physical manifestations (such as nausea, vomiting, elevated heart rate, sweating, nightmares, night terrors, and inability to sleep) and other harms to be established at trial.

83. As a direct and proximate result of Klein ISD's negligence, K.C. sustained serious injuries, had to undergo treatment and medical care, to incur medical expenses, incur lost wages, to lose time from his daily pursuits, to lose the ability to function normally, and he suffered impairment of his future earnings.

**WHEREFORE** Plaintiffs demand compensatory damages to be proven at trial in excess of the jurisdictional amount of $75,000; all costs and expenses of this lawsuit, including attorneys' fees; enhanced compensatory damages as permitted by law; punitive damages in an amount to be determined at trial; and all other and further relief that justice may require.

## **COUNT V –** *Intentional Infliction of Emotional Distress*

84. Plaintiffs incorporate and reallege all paragraphs of this Complaint into this Count.

85. Klein ISD owed K.C. a duty to use reasonable care under all circumstances in the maintenance and operation of the premises, and to take reasonable precautions to protect him against foreseeable dangers arising out of the arrangements or use of the premises.

86. Klein ISD, through their owners, managers agents, and/or staff, breached their duty owed to K.C. by, among other things:
    a. Failing to properly protect K.C., a minor, from bullying, harassment and assault;
    b. Improperly protecting K.C., a minor, from bullying, harassment and assault;

15

    c. Failing to investigate, correct, and/or otherwise address the openly pervasive environment of bullying and harassment that existed between its male students;

    d. Ignoring and/or otherwise failing to properly address complaints about numerous instances of bullying, harassment and assaults occurring on the Klein ISD campus;

    e. Failing to promptly report K.C.'s assault to the authorities;

    f. Failing to take any action to prevent retaliation against K.C. after his experiences with bullying, harassment and assault were reported to Klein ISD;

    g. Failing to heed numerous warnings regarding student violence and bullying and lax security; and

    h. Failing to supervise, monitor, and/or train staff to handle reports of bullying, harassment and assault appropriately and adequately.

87. Klein ISD knew or should have known that it created an environment in which male students frequently engaged in bullying and harassment towards other students that often culminated in physical violence.

88. Klein ISD knew or should have known that it had created an opportunity for K.C. to be violently assaulted and harassed and that the lack of protocols for which incidents of harassment and assault were reported and corrected were woefully insufficient.

89. Klein ISD failed to provide adequate training, monitoring, and supervision of its employees concerning reports of bullying, harassment and assault.

90. Klein ISD carelessly and recklessly failed to supervise its male students, even after specific complaints of bullying, harassment and assault had been lodged against them by various students, including K.C.

91. Klein ISD's conduct was wanton, malicious, or oppressive in that Klein ISD disregarded or exhibited reckless indifference to the foreseeable risks of harm and acted with ill will, hatred, hostility, a bad motive, or the intent to abuse its power.

92. As a direct and proximate cause of Klein ISD's violation of its fiduciary duty to him, K.C. has experienced and will likely continue to experience severe emotional distress accompanied by physical manifestations (such as nausea, vomiting, elevated heart rate, sweating, nightmares, night terrors, and inability to sleep) and other harms to be established at trial.

93. As a direct and proximate result of Klein ISD's negligence, K.C. sustained serious injuries, had to undergo treatment and medical care, to incur medical expenses, incur lost wages, to lose time from his daily pursuits, to lose the ability to function normally, and he suffered impairment of his future earnings.

**WHEREFORE** Plaintiffs demand compensatory damages to be proven at trial in excess of the jurisdictional amount of $75,000; all costs and expenses of this lawsuit, including attorneys' fees; enhanced compensatory damages as permitted by law; punitive damages in an amount to be determined at trial; and all other and further relief that justice may require.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues in this action so triable.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted,

*/s/ Christina Graziano*
Christina Graziano (*pro hac vice* to be filed)
KETTERER, BROWNE & ASSOCIATES, LLC
336 S Main St.
Ste. 2A-C
Bel Air, MD 21014
Phone: 410-220-2341
Fax: 855-572-4637
derek@KBAAttorneys.com
Christina@KBAAttorneys.com
**ATTORNEY IN CHARGE**


D. Miller & Associates, PLLC

By: */s/ Rochelle Guiton*
Rochelle Guiton
Texas Bar No.: 24069838
2610 W. Sam Houston Parkway, Suite 200
Houston, Texas 77042
713-850-8600 Office
713-366-3460 Facsimile
Rochelle@dmillerlaw.com
ATTORNEYS FOR PLAINTIFF