United States District Court
Southern District of Texas
**ENTERED**
October 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISTY CHANDLER and K.C., a minor, Plaintiffs, | § § § § § | CIVIL ACTION NO 4:22-cv-00876 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| KLEIN ISD EDUCATION FOUNDATION, d/b/a KLEIN INDEPENDENT SCHOOL DISTRICT Defendant. | § § § § § § | |

**ORDER DENYING SUMMARY JUDGMENT**

Plaintiff K.C. attended Doerre Intermediate in Klein ISD as a sixth grader during the 2021–2022 school year. Plaintiff Kristy Chandler is K.C.'s mother. They allege in their first amended complaint that K.C. experienced instances of "verbal and physical harassment and bullying" by classmates and was "violently" sexually assaulted. Dkt 12 at ¶¶7, 9, 38. They also allege that Klein ISD failed to take "meaningful steps to offer resources or support to K.C. and his family per Title IX guidance." Id at ¶21. As a result, they allege that "K.C. has been deprived of educational opportunities and benefits that delayed his academic attainment." Id at ¶44. They allege a single cause of action under Title IX of the Education Amendment Act. Id at ¶¶34–45; see 20 USC §1681(a).

Defendant Klein ISD Education Foundation, d/b/a Klein Independent School District, moves for summary judgment. Dkt 43. It argues that (i) Plaintiffs aren't

seeking any recoverable damages, (ii) K.C. wasn't denied access to educational opportunities and benefits, (iii) no appropriate Klein ISD official had actual knowledge of harassment or a substantial risk of sexual conduct by any offending student against K.C., and (iv) Klein ISD didn't act with deliberate indifference to any harassment of K.C.

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the moving party establishes that it is entitled to judgment as a matter of law because no genuine dispute exists as to any material fact. See *Trent v Wade*, 776 F3d 368, 376 (5th Cir 2015). The Fifth Circuit holds that a fact is *material* if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Sossamon v Lone Star State of Texas*, 560 F3d 316, 326 (5th Cir 2009) (citations omitted). And the Fifth Circuit holds that a *genuine dispute of material fact* exists "when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015), quoting *Anderson v Liberty Lobby*, 477 US 242, 248 (1986).

Genuine disputes of material fact preclude summary judgment. At issue are at least eleven instances of harassment, name-calling, unwanted physical touching, and other acts of an aggressive nature that were reported to either or both of two assistant principals, among other school officials. The parties in their briefing characterize these events in starkly different terms. But they include acts over a span of months that, in the light most favorable to Plaintiffs, involved the forcible poking of K.C.'s anus (to an extent causing blood and an emergency-room visit), the grabbing of his penis, and sexualized and degrading comments about his person and demeanor. None of the reported instances were ever referred for action to the Klein ISD Title IX "coordinator" due to involved officials concluding that none involved conduct "based on" or because of K.C.'s sex or gender. It's true that the record reflects that school officials investigated six of

the instances and held meetings with K.C.'s parents, and that students were disciplined, schedules were changed, stay-away agreements were implemented, and two campus-wide bullying assemblies were held. But evidence also suggests that five incidents weren't investigated. It also suggests that all of the reported instances collectively caused K.C. to feel unsafe and ultimately transfer to another school district for his seventh-grade year. A jury is appropriately situated to address such disputes of evidence under suitable legal instructions at trial.

As to the issue of damages, it's noted that Klein ISD seeks dismissal on the basis that no recoverable damages remain at issue, given withdrawal of the claim for attorney fees and Supreme Court rulings that mental anguish and punitive damages aren't available under Title IX. Dkt 43 at 16–17. Plaintiffs point to evidence of, among other things, actual, physical injury and an emergency room visit as to one of the incidents, along with other incidental expenses. Dkt 45 at 16–17. Klein ISD may bring an appropriate motion to specify the categories of recoverable damages that can viably proceed. But its current motion is far too cursory to support outright dismissal of the action in its entirety on the present record.

The motion for summary judgment by Defendant Klein ISD Education Foundation, d/b/a Klein Independent School District is DENIED. Dkt 43.

SO ORDERED.

Signed on September 30, 2024, at Houston, Texas.

*/s/ CREskridge*
Hon. Charles Eskridge
United States District Judge